## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DAVID MOYA, &
JUAN and YOLANDA BURGOS,
individuals,

Case No.:

        Plaintiffs,

v.

NATIONSTAR MORTGAGE LLC,
a foreign limited liability company,

        Defendant.

_____/

## VERIFIED COMPLAINT

**COME NOW**, Plaintiffs, DAVID MOYA (hereinafter, "Moya"), & JUAN and YOLANDA BURGOS (hereinafter, "Burgos") (hereinafter collectively, "Plaintiffs"), by and through the undersigned counsel, and sue Defendant, NATIONSTAR MORTGAGE LLC (hereinafter, "Defendant") and allege:

## INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by individual consumers for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), the Telephone Communication Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA"), and for declaratory judgment and injunctive relief in equity.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.  Declaratory relief is available pursuant to 28 United States Code, Sections 2201 and 2202.

2.      Venue in this District is proper because Defendant transacts business in this District and the conduct complained of occurred in this District.

3.      At all material times herein, the conduct of Defendant, complained of below, occurred in Polk County, Florida.

4.      At all times herein, Plaintiff David Moya is an individual residing in Polk County, Florida.

5.      At all times herein, Plaintiffs Juan and Yolanda Burgos are individuals residing in Rockland County, New York.

6.      Defendant is a foreign limited liability company incorporated under the laws of the State of Delaware, that, itself and through its subsidiaries, regularly extends, to consumers, home mortgage loans on real property located in Polk County, Florida.

## GENERAL ALLEGATIONS

7.      At all times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(3).

8.      At all times herein, Defendant attempted to collect a debt, specifically a home mortgage loan secured by real property located at 6597 Crescent Loop, Winter Haven, FL 33884, and referenced by account number ending in -1083 (hereinafter, "Debt").

9.      At all times herein, the Debt was a consumer debt, incurred primarily for personal, household, or family use.

10.     At all material times, Defendant was a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

11.     At all times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(5).

2

12.     At all times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

13.     All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

14.     Defendant's telephone calls, as more specifically alleged below, were made to Plaintiff Moya's cellular telephone number 786.333.7550 (hereinafter, "Moya's cellular telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

15.     Plaintiff Moya is the owner, regular user, and possessor of a cellular telephone with the assigned number 786.333.7550.

16.     At no time herein did Defendant have Plaintiff Moya's prior express consent to call Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

17.     Further, if Defendant contends these telephone calls were made for "telemarketing purposes" only, it still lacked the required prior express written consent necessary to make such informational calls to Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

18.     Plaintiffs Burgos entered into the Debt with Defendant, a note secured by real property located 6597 Crescent Loop, Winter Haven, Florida 33884 (hereinafter, "Property").

19.     Plaintiff Moya is Plaintiffs Burgos' nephew, and he currently resides at the Property.

20.     Plaintiff Moya was not an obligor on the Debt and did not provide Defendant his

3

cellular telephone number in the transaction creating the Debt.

21.     On or before May 4, 2013, Defendant filed a Mortgage Foreclosure Lawsuit against Plaintiffs Burgos, in the Tenth Judicial Circuit Court in and for Polk County, FL, and referenced by Case No. 2013-CA-000577 (hereinafter, "Mortgage Foreclosure Case").

22.     On or before May 4, 2013, Plaintiffs Burgos retained Mark P. Stopa, Esq. to represent them with regard to the Mortgage Foreclosure Case and the Debt (hereinafter, "Foreclosure Counsel").

23.     On or about May 4, 2013, Foreclosure Counsel filed a *Notice of Appearance and Email Designation* in the Mortgage Foreclosure Case (hereinafter, "NOA"). Please see attached a true and correct copy of said NOA and Email Designation labeled as Exhibit "A."

24.     The immediately-aforementioned NOA was filed in the Mortgage Foreclosure Case, is addressed to Defendant's Counsel, and was served on Defendant's Counsel. Said NOA advised Defendant of Foreclosure Counsel's representation of Plaintiffs Burgos with regard to the Debt and the action to foreclose the Property, and provided Foreclosure Counsel's contact information.

25.     The immediately-aforementioned NOA provided Defendant with actual notice and knowledge of Foreclosure Counsel's representation of Plaintiffs Burgos with regard to the Mortgage Foreclosure Case and the Debt.

26.     All of the calls alleged below were made by Defendant despite Defendant's knowledge of Foreclosure Counsel's representation of Plaintiffs Burgos with regard to the Mortgage Foreclosure Case and the Debt.

27.     The calls were also made despite never possessing Plaintiff Moya's prior express consent to call his cellular telephone using an ATDS, a PTDS, or an APV.

28.     On or about September 6, 2013, at approximately 11:10 a.m. EST, Defendant

4

called Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

29.     The immediately-aforementioned call was placed from telephone number 972.894.1077 and was made in an attempt to collect the Debt.

30.     Further, on the above-referenced call Defendant's employee or representative left a voicemail message in Spanish on Plaintiff Moya's cellular telephone using an APV.  The English translation of Defendant's voicemail message is: "This message is for Juan and Yolanda Burgos from Nationstar.    It is very important that you contact us as soon as possible by telephone at 888.474.2423."

31.     On or about December 9, 2013, at approximately 3:20 p.m. EST, Defendant called Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

32.     The immediately-aforementioned call was placed from telephone number 972.894.1077 and was made in an attempt to collect the Debt from Plaintiffs Burgos.

33.     Further, on the above-referenced call Defendant's employee or representative left Plaintiff Moya a voicemail message in Spanish on Plaintiff Moya's cellular telephone using an APV. The English translation of Defendant's voicemail message is: "This message is for Juan and Yolanda Burgos from Nationstar.  It is very important that you contact us as soon as possible by phone at 888.474.2423."

34.     On or about December 13, 2013, at approximately 10:24 a.m. EST, Defendant called Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

35.     The immediately-aforementioned call was placed from telephone number 972.894.1077 and was made in an attempt to collect the Debt.

36.     Further, on the above-referenced call Defendant's employee or representative left Plaintiff Moya a voicemail message in Spanish on Plaintiff Moya's cellular telephone using an APV. The English translation of Defendant's voicemail message is: "This message is for Juan

and Yolanda Burgos from Nationstar. It is very important that you contact us as soon as possible by phone at 888.474.2423."

37.    On or about December 18, 2013, at approximately 4:29 p.m. EST, Defendant called Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

38.    The immediately-aforementioned call was placed from telephone number 972.894.1077 an was made in an attempt to collect the Debt.

39.    Further, on the above-referenced call Defendant's employee or representative left Plaintiff Moya a voicemail message in Spanish on Plaintiff Moya's cellular telephone using an APV. The English translation of Defendant's voicemail message is: "This message is for Juan and Yolanda Burgos from Nationstar. It is very important that you contact us as soon as possible by phone at 888.474.2423."

40.    On or about December 20, 2013, at approximately 1:56 p.m. EST, Defendant called Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

41.    The immediately-aforementioned call was placed from telephone number 972.894.1077 and was made in an attempt to collect the Debt from Plaintiffs.

42.    Further, on the above-referenced call Defendant's employee or representative left Plaintiff Moya a voicemail message in Spanish on Plaintiff Moya's cellular telephone using an APV. The English translation of Defendant's voicemail message is: "This message is for Juan and Yolanda Burgos from Nationstar. It is very important that you contact us as soon as possible by phone at 888.474.2423."

43.    On or about December 26, 2013, at approximately 11:34 a.m. EST, Defendant called Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

44.    The immediately-aforementioned call was placed from telephone number 972.894.1077 and was made in an attempt to collect the Debt from Plaintiffs Burgos.

45.     Further, on the above-referenced call Defendant's employee or representative left Plaintiff Moya a voicemail message in Spanish on Plaintiff Moya's cellular telephone using an APV.  The English translation of Defendant's voicemail message is:  "This message is for Juan and Yolanda Burgos from Nationstar.    It is very important that you contact us as soon as possible by phone at 888.474.2423."

46.     On or about December 30, 2013, at approximately 10:55 a.m. EST, Defendant called Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

47.     The immediately-aforementioned call was placed from telephone number 972.894.1077 and was made in an attempt to collect the Debt from Plaintiffs.

48.     Further, on the above-referenced call Defendant's employee or representative left Plaintiff Moya a voicemail message in Spanish on Plaintiff Moya's cellular telephone using an APV.  The English translation of Defendant's voicemail message is:  "This message is for Juan and Yolanda Burgos from Nationstar.    It is very important that you contact us as soon as possible by phone at 888.474.2423."

49.     On or about December 31, 2013, at approximately 12:04 p.m. EST, Defendant called Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

50.     The immediately-aforementioned call was placed from telephone number 972.894.1077 and was made in an attempt to collect the Debt from Plaintiffs.

51.     Further, on the above-referenced call Defendant's employee or representative left Plaintiff Moya a voicemail message in Spanish on Plaintiff Moya's cellular telephone using an APV.  The English translation of Defendant's voicemail message is:  "This message is for Juan and Yolanda Burgos from Nationstar.    It is very important that you contact us as soon as possible by phone at 888.474.2423."

52.     On or about January 3, 2014, at approximately 12:49 p.m. EST, Defendant called

Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

53.     The immediately-aforementioned call was placed from telephone number 972.894.1077 and was made in an attempt to collect the Debt from Plaintiffs.

54.     Further, on the above-referenced call Defendant's employee or representative left Plaintiff Moya a voicemail message in Spanish on Plaintiff Moya's cellular telephone using an APV. The English translation of Defendant's voicemail message is: "This message is for Juan and Yolanda Burgos from Nationstar.   It is very important that you contact us as soon as possible by phone at 888.474.2423."

55.     On or about January 6, 2014, at approximately 2:51 p.m. EST, Defendant called Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

56.     The immediately-aforementioned call was placed from telephone number 972.894.1077 and was made in an attempt to collect the Debt from Plaintiffs.

57.     Further, on the above-referenced call Defendant's employee or representative left a voicemail message in Spanish on Plaintiff Moya's cellular telephone using an APV.   The English translation of Defendant's voicemail message is: "This message is for Juan and Yolanda Burgos from Nationstar.   It is very important that you contact us as soon as possible by phone at 888.474.2423."

58.     On or about January 6, 2014, Plaintiff Moya sent Defendant a *Notice of Pending Lawsuit* (hereinafter, "NOPL"). Said NOPL expressly stated that Plaintiff Moya has never given Defendant express consent to call his cellular telephone, that he has no prior or present relationship with Defendant, and that his cellular telephone number has been registered with the National Do Not Call Registry since August 20, 2011. To the extent Defendant ever did have Plaintiff Moya's prior express consent to autodial his cellular telephone –which Plaintiff Moya expressly denies– the NOPL further revoked such consent.   Please see attached a true and correct

copy of said NOPL labeled as Exhibit "B1-B2."

59.     On or after January 6, 2014, Defendant sent Plaintiff Moya a letter acknowledging receipt of Plaintiff Moya's NOPL.  Please see attached a true and correct copy of Defendant's letter labeled as Exhibit "C."

60.     On or about January 16, 2014, at approximately 12:25 p.m. EST, despite having received and acknowledging receipt of Plaintiff Moya's NOPL, Defendant called Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

61.     The immediately-aforementioned call was placed from telephone number 972.894.1077 and was made in an attempt to collect the Debt from Plaintiffs.

62.     Further, on the above-referenced call Defendant's employee or representative left a voicemail message in Spanish on Plaintiff Moya's cellular telephone using an APV.  The English translation of Defendant's voicemail message is:  "This message is for Juan and Yolanda Burgos from Nationstar.  It is very important that you contact us as soon as possible by phone at 888.474.2423."

63.     On or about January 19, 2014, at approximately 10:17 a.m. EST, despite having received and acknowledging receipt of Plaintiff Moya's NOPL, Defendant called Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

64.     The immediately-aforementioned call was placed from telephone number 972.894.1077 and was made in an attempt to collect the Debt from Plaintiffs.

65.     Further, on the above-referenced call Defendant's employee or representative left a voicemail message in Spanish on Plaintiff Moya's cellular telephone using an APV.  The English translation of Defendant's voicemail message is:  "This message is for Juan and Yolanda Burgos from Nationstar.  It is very important that you contact us as soon as possible by phone at 888.474.2423."

66. On or about January 24, 2014, at approximately 10:45 a.m. EST, despite having received and acknowledging receipt of Plaintiff Moya's NOPL, Defendant called Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

67. The immediately-aforementioned call was placed from telephone number 972.894.1077 and was made in an attempt to collect the Debt from Plaintiffs.

68. Further, on the above-referenced call Defendant's employee or representative left a voicemail message in Spanish on Plaintiff Moya's cellular telephone using an APV. The English translation of Defendant's voicemail message is: "This message is for Juan and Yolanda Burgos from Nationstar. It is very important that you contact us as soon as possible by phone at 888.474.2423."

69. On or about January 31, 2014, at approximately 10:03 a.m. EST, despite having received and acknowledging receipt of Plaintiff Moya's NOPL, Defendant called Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

70. The immediately-aforementioned call was placed from telephone number 972.894.1077 and was made in an attempt to collect the Debt from Plaintiffs.

71. Further, on the above-referenced call Defendant's employee or representative left a voicemail message in Spanish on Plaintiff Moya's cellular telephone using an APV. The English translation of Defendant's voicemail message is: "This message is for Juan and Yolanda Burgos from Nationstar. It is very important that you contact us as soon as possible by phone at 888.474.2423."

72. On or about February 3, 2014, despite having knowledge of Foreclosure Counsel's representation of Plaintiffs Burgos with regard to the Debt, Defendant sent Plaintiffs Burgos a letter in attempt to collect the Debt. Please see attached a true and correct copy of said letter labeled as Exhibit "D1-D5."

73.     In the immediately-aforementioned letter, Defendant states:

> Your mortgage is seriously delinquent and has been referred to foreclosure. We've tried to contact you to discuss foreclosure prevention opportunities that may be available. To avoid foreclosure, you must contact us.
>
> …Based on an estimate of your home's value, you're approved to entire into a Trial Period Plan for mortgage modification. During the Trial Period, you will be required to make three monthly payments in the amount of $1,198.71.
>
> …To successfully complete the trial period plan, you must make the trial period plan payments below.
> - First Payment: $1,198.71 by 3/1/2014
> - Second Payment: $1,198.71 by 4/1/2014
> - Third Payment: $1,198.71 by 5/1/2014

*See* Exhibits "D1 and D3."

74.     On or about February 10, 2014, Defendant sent Plaintiff Moya another letter acknowledging receipt of Plaintiff Moya's NOPL. Please see attached a true and correct copy of said acknowledgement letter labeled as Exhibit "E."

75.     In the immediately-aforementioned letter, Defendant states: "We were unable to locate a loan with your name or address your provided. Accordingly, Nationstar is unable to respond to your request without further explanation." *See* Exhibit "E."

76.     In the above-referenced letter, Defendant implicitly acknowledges that they do not possess prior express consent to contact Plaintiff Moya because they do not have an account with Plaintiff Moya's name, address, or cellular telephone number in their system.

77.     On or about February 11, 2014, at approximately 12:30 p.m. EST, despite having received and acknowledging receipt of Plaintiff Moya's NOPL, Defendant called Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

78.     The immediately-aforementioned call was placed from telephone number 972.894.1077 and was made in an attempt to collect the Debt from Plaintiffs.

79.     Further, on the above-referenced call Defendant's employee or representative left a voicemail message in Spanish on Plaintiff Moya's cellular telephone using an APV.  The English translation of Defendant's voicemail message is: "This message is for Juan and Yolanda Burgos from Nationstar.  It is very important that you contact us as soon as possible by phone at 888.474.2423."

80.     On or about February 20, 2014, at approximately 4:38 p.m. EST, despite receiving and acknowledging receipt of Plaintiff Moya's NOPL, Defendant called Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

81.     The immediately-aforementioned call was placed from telephone number 972.894.1077 and was made in an attempt to collect the Debt.

82.     Further, on the above-referenced call Defendant's employee or representative left a voicemail message in Spanish on Plaintiff Moya's cellular telephone using an APV.  The English translation of Defendant's voicemail message is: "This message is for Juan and Yolanda Burgos from Nationstar.  It is very important that you contact us as soon as possible by phone at 888.474.2423."

83.     On or about February 24, 2014, at approximately 11:28 a.m. EST, despite receiving and acknowledging receipt of Plaintiff Moya's NOPL, Defendant called Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

84.     The immediately-aforementioned call was placed from telephone number 972.894.1077 and was made in an attempt to collect the Debt.

85.     Further, on the above-referenced call Defendant's employee or representative left a voicemail message in Spanish on Plaintiff Moya's cellular telephone using an APV.  The English translation of Defendant's voicemail message is: "This message is for Juan and Yolanda Burgos from Nationstar.  It is very important that you contact us as soon as possible by phone at

888.474.2423."

86.     On or about February 27, 2014, at approximately 12:29 p.m. EST, despite receiving and acknowledging receipt of Plaintiff Moya's NOPL, Defendant called Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

87.     The immediately-aforementioned call was placed from telephone number 972.894.1077 and was made in an attempt to collect the Debt from Plaintiffs.

88.     Further, on the above-referenced call Defendant's employee or representative left a voicemail message in Spanish on Plaintiff Moya's cellular telephone using an APV.  The English translation of Defendant's voicemail message is:  "This message is for Juan and Yolanda Burgos from Nationstar.  It is very important that you contact us as soon as possible by phone at 888.474.2423."

89.     On or about March 14, 2014, at approximately 2:41 p.m. EST, despite receiving and acknowledging receipt of Plaintiff Moya's NOPL, Defendant called Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

90.     The immediately-aforementioned call was placed from telephone number 972.894.1077 and was made in an attempt to collect the Debt from Plaintiffs.

91.     Further, on the above-referenced call Defendant's employee or representative left a voicemail message in Spanish on Plaintiff Moya's cellular telephone using an APV.  The English translation of Defendant's voicemail message is:  "This message is for Juan and Yolanda Burgos.  This is Hector from Nationstar, it is very important that you contact us as soon as possible.  My number here is 972.894.1077.  We have very good news to go over with you so please contact us immediately.  Thanks."

92.     On or about March 22, 2014, at approximately 10:38 a.m. EST, despite receiving and acknowledging receipt of Plaintiff Moya's NOPL, Defendant called Plaintiff Moya's cellular

telephone using an ATDS, a PTDS, or an APV.

93.     The immediately-aforementioned call was placed from telephone number 972.894.1077 and was made in an attempt to collect the Debt from Plaintiffs.

94.     Further, on the above-referenced call Defendant's employee or representative left a voicemail message in Spanish on Plaintiff Moya's cellular telephone using an APV.    The English translation of Defendant's voicemail message is: "This message is for Juan and Yolanda Burgos.    This is Hector from Nationstar, it is very important that you contact us as soon as possible.    My number here is 972.894.1077.    We have very good news to go over with you so please contact us immediately.    Thanks."

95.     On or about March 28, 2014, at approximately 10:23 a.m. EST, despite receiving and acknowledging receipt of Plaintiff Moya's NOPL, Defendant called Plaintiff Moya's cellular telephone using an ATDS, a PTDS, or an APV.

96.     The immediately-aforementioned call was placed from telephone number 972.894.1077 and was made in an attempt to collect the Debt from Plaintiffs.

97.     Further, on the above-referenced call Defendant's employee or representative left a voicemail message in Spanish on Plaintiff Moya's cellular telephone using an APV.    The English translation of Defendant's voicemail message is: "This message is for Juan and Yolanda Burgos.    This is Hector from Nationstar, it is very important that you contact us as soon as possible.    My number here is 972.894.1077.    We have very good news to go over with you so please contact us immediately.    Thanks."

98.     Plaintiffs have retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiffs are obligated to pay their attorneys a reasonable fee for their services.

99.     Plaintiff Moya has not been able to, due to both professional and personal

commitments, as well as the continued and increasing stress associate with the continued barrage of Debt collection calls, to record the specifics (as done above) on each and every call made to Plaintiff. Plaintiff asserts, however, that the above-referenced calls are but a sub-set of the calls made in violation of the FCCPA and the TCPA. Further, Defendant is in the best position to determine and ascertain the number and methodology of calls made to Plaintiff.

100.    Additionally, Plaintiff Moya continues to receive collection calls from Defendant, giving Plaintiff Moya the belief that, despite not being an obligor on the Debt and requesting in writing the Debt collection calls cease, he would either have to pay the Debt or continue to endure the collection calls. Therefore, Plaintiffs anticipate that there will be additional Debt collection calls on top of the Debt collection calls mentioned in this Complaint.

101.    As a direct result of Defendant's actions, Plaintiffs have suffered severe stress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep, believing that the hiring of an attorney for representation with regard to the Debt was wholly ineffective, that Plaintiff Moya's NOPL was wholly ineffective, and that the frequent, repeated Debt collection attempts would simply have to be endured.

102.    Despite having repeatedly advised Defendant to cease placing automatically dialed calls to Plaintiff Moya's cellular telephone, having knowledge of the Mortgage Foreclosure Case, and having knowledge of Foreclosure Counsel's representation of Plaintiffs with regard to the Debt, Defendant continues to attempt to collect the Debt directly from Plaintiffs in violation of the FCCPA and the TCPA.

103.    Defendant's conduct, as described above, is a knowing, willful, and continuing violation of Plaintiffs' rights, as enumerated under federal and state law.

104.    Given Defendant's conduct, and its apparent intention and ability, to continue to collect the Debt directly from Plaintiffs in violation of said debt collection laws, Plaintiffs have

15

no adequate remedy at law.

105.    Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages for each harmed Plaintiff against Defendant per independent, temporarily displaced violation, plus actual damages, punitive damages, injunctive relief, and an award of attorneys' fees and costs to Plaintiffs, should Plaintiffs prevail in this matter against Defendant.

106.    United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to Plaintiff Moya's cellular telephone in violation of the TCPA or the regulations proscribed thereunder.

107.    Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system, a predictive telephone dialing system, or an artificial or prerecorded voice to Plaintiff Moya's cellular telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder. The TCPA also provides for injunctive relief.

108.    At all times herein, it would have been possible for Defendant to avoid violating the terms of the TCPA.

109.    Based upon the aforementioned allegations, Plaintiffs believe that Defendant's telephone calls made to Plaintiff Moya's cellular telephone using an automatic dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice were made in willful and knowing violation of the TCPA.

110.    As of the date of this complaint, Defendant has initiated a law suit in an effort to collect the Debt (e.g., the Mortgage Foreclosure Case). However, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)**

Plaintiffs re-allege paragraphs one (1) through one hundred and ten (110) as if fully restated herein and further state as follows:

111.    Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiffs through means which can reasonably be expected to abuse or harass Plaintiff.

112.    At no time herein did Defendant have Plaintiff Moya's prior express consent to call his cellular telephone ne using an ATDS, a PTDS, or an APV.

113.    On or about May 4, 2013, Foreclosure Counsel served Defendant's Counsel with his NOA.  Said NOA informed Defendant of Foreclosure Counsel's representation of Plaintiffs Burgos with regard to the Mortgage Foreclosure Case and the Debt, and provided Foreclosure Counsel's contact information.

114.    Despite having received actual notice and having actual knowledge of Foreclosure Counsel's representation of Plaintiffs Burgos with regard to the Mortgage Foreclosure Case and the Debt, despite possessing Foreclosure Counsel's contact information, and despite possessing knowledge of the Mortgage Foreclosure Case, Defendant sent Plaintiffs Burgos a collection letter in an attempt to collect the Debt.

115.    More specifically, Defendant blatantly ignored Foreclosure Counsel's NOA which gave Defendant knowledge of Foreclosure Counsel's representation of Plaintiffs Burgos with regard to the Debt and provided Defendant with Foreclosure Counsel's contact information. Defendant proceeded to attempt to collect the Debt by sending Plaintiff Burgos' letters directly and continuously calling Plaintiff Moya.

116.    Additionally, despite lacking Plaintiff Moya's prior express consent to call him, Defendant called Plaintiff Moya's cellular telephone at least twenty-one (21) times in an attempt to collect the Debt.

117.    Defendant did not have any past, present, or future business relationship with Plaintiff Moya that would permit such Debt collection calls.

118.    Defendant, therefore, disclosed information regarding the Debt to a third party with no legitimate business need for said confidential information.    More specifically, Defendant's repeated calls, disclosing Defendant's name and number, and asking for a return call, communicated to Plaintiff Moya that Plaintiffs Burgos were past due on their Debt payments.

119.    Furthermore, on or about January 6, 2014, Plaintiff Moya sent Defendant a NOPL with regard to the constant collection calls.

120.    Despite having received Plaintiff's NOPL, Defendant continued to call Plaintiff Moya at least eleven (11) times in an attempt to collect the Debt.

121.    Defendant repeatedly made such calls to Plaintiff Moya's cellular telephone in an attempt to abuse, embarrass, harass, and coerce both Plaintiffs Burgos and Plaintiff Moya into paying the Debt.

122.    Defendant's collection calls made to Plaintiff Moya constitute an indirect attempt to collect the Debt from Plaintiffs Burgos.

123.    All of the above-mentioned actions were taken by Defendant knowingly in an attempt to abuse, harass, and coerce Plaintiffs into paying the Debt.

124.    Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

125.    As a direct and proximate result of Defendant's actions, Plaintiffs have sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)**

Plaintiffs Burgos re-allege paragraphs one (1) through one hundred and ten (110) as if fully restated herein and further state as follows:

126.    Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(18) by intentionally communicating with Plaintiffs Burgos after being given actual notice that Plaintiffs Burgos were represented by counsel with regard to the underlying Debt.

127.    On or before May 4, 2013, Defendant filed a Mortgage Foreclosure Case against Plaintiffs Burgos.

128.    On or about May 4, 2013, Foreclosure Counsel sent Defendant's Counsel a NOA which provided Defendant with actual notice and knowledge of Foreclosure Counsel's representation of Plaintiffs Burgos with regard to the Mortgage Foreclosure Case and the Debt and provided Defendant with Foreclosure Counsel's contact information.

129.    Defendant, via its counsel, knew of Foreclosure Counsel's representation of Plaintiffs Burgos, and thus knew they should not be communicating with anyone other than Foreclosure Counsel with regard to the Mortgage Foreclosure Case and Debt collection.

130.    Despite having the above-mentioned knowledge, Defendant placed at least twenty-one (21) telephone calls to Plaintiff Moya in an attempt to collect the Debt from Plaintiffs Burgos.

131.    Defendant's collection calls made to Plaintiff Moya constitute an indirect attempt to collect the Debt from Plaintiffs Burgos.

132.    Further, Plaintiff Moya advised Plaintiffs Burgos of every call made to him by Defendant.

133.    Additionally, on or about February 3, 2013, Defendant sent Plaintiffs Burgos a letter in an attempt to collect the Debt.

134.    Despite having knowledge of Foreclosure Counsel's representation of Plaintiffs Burgos with regard to the Mortgage Foreclosure Case and the Debt, possessing Foreclosure Counsel's contact information, and possessing knowledge of the Mortgage Foreclosure Case, Defendant called Plaintiff Moya at least twenty-one (21) times and sent Plaintiffs Burgos a collection letter, all in an attempt to directly or indirectly collect the Debt from Plaintiffs Burgos.

135.    As a direct and proximate result of Defendant's actions, Plaintiffs Burgos have sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiff Moya re-alleges paragraphs one (1) through one hundred and ten (110) as if fully restated herein and further states as follows:

136.    Defendant is subject to, and has violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff Moya's prior express consent.

137.    Defendant used an ATDS, a PTDS, or an APV to call Plaintiff Moya's cellular telephone at least twenty-one (21) times in its attempt to collect the Debt.

138.    At no time herein did Defendant have Plaintiff Moya's prior express consent to call his cellular telephone using an ATDS, a PTDS, or an APV.

139.    Further, Plaintiff Moya sent Defendant a NOPL which expressly stated that

20

Defendant did not have his prior express consent to call him, and further advised that Plaintiff Moya revoked any such consent, to the extent that it ever existed.

140.    Despite having the above-referenced knowledge, Defendant called Plaintiff Moya's cellular telephone at least eleven (11) more times.

141.    The telephone calls made by Defendant, complained of herein, are the result of repeated, willful, and knowing violations of the TCPA.

142.    As a direct and proximate result of Defendant's conduct, Plaintiff Moya has suffered:

        a.    The periodic loss of his cellular telephone service;

        b.    Lost material costs associated with the use of peak time cellular telephone minutes allotted under his cellular telephone service contract.

        c.    The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

        d.    Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

        e.    Statutory damages.

**COUNT FOUR:**
**DECLARATORY AND INUNCTIVE RELIEF**

Plaintiffs re-allege paragraphs one (1) through one hundred and ten (110) as if fully restated herein and further state as follows:

143.    Unless the Defendant is immediately enjoined from continuing their collection efforts of the Debt, Plaintiffs will suffer irreparable injury.

144.    Plaintiffs have no adequate remedy at law.

145.   Plaintiffs have a clear legal right to the protections of the FCCPA and TCPA.

146.   Given Defendant's conduct and its apparent intention and ability to continue to collect the Debt directly from Plaintiffs in violation of said debt collection laws, Plaintiffs have no adequate remedy at law.  Plaintiffs need and are entitled to injunctive relief.

147.   The requested injunction is reasonably necessary to protect the legal rights of Plaintiffs and will have no adverse effect on the public welfare.

### COUNT FIVE:
### PATTERN AND PRACTICE

Plaintiffs re-allege paragraphs one (1) through one hundred and ten (110) as if fully restated herein and further state as follows:

148.   Upon information and belief, Defendant has engaged in a pattern and practice of unlawful debt collection and invasion of privacy, repeatedly and willfully calling consumers' cellular telephones in an attempt to collect debts, using an ATDS, a PTDS, or an APV without having their prior express consent to do so.

149.   Defendant undertakes this practice, despite being repeatedly being told by the consumer that they have hired an attorney for representation regarding their respective debts, despite never possessing consumers' prior express consent, and/or despite consumers' repeatedly revoking consent for Defendant to call consumers' cellular telephones using an ATDS, a PTDS, or an APV.

150.   Defendant willfully, knowingly and repeatedly undertakes this practice to increase revenue and profitability and the direct expense of consumers' livelihood and privacy.

151.   Defendant undertakes such practice not only repeatedly with regard to a single individual consumer over time, but repeatedly and consistently undertake this practice entity-wide, across many different individual consumers.

22

152.    Based on this pattern and practice, this Court should grant significant and substantial punitive damages sufficient enough to prevent the Defendant from continuing this pattern and practice and to deter its future conduct in the Middle District of Florida.

153.    Plaintiffs allege that the imposition of a substantial punitive damage award is required in order to force Defendant to comply with well-established federal and state privacy and debt collection law.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendant's conduct, the following is respectfully requested against Defendant:

a.    Plaintiffs request judgment against Defendant declaring that the Defendant violated the FCCPA and the TCPA;

b.    Plaintiffs request judgment against Defendant for maximum statutory damages under the FCCPA, per independent, temporally displaced violation committed by Defendant;

c.    Plaintiff Moya requests judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

d.    Plaintiff Moya requests judgment against Defendant for treble damages in the amount of $1,500.00 for each telephone call that violated the TCPA for which Defendant acted knowingly and/or willfully;

e.    Plaintiffs request judgment against Defendant for actual damages suffered by Plaintiffs in an amount to be determined at trial;

f.    Plaintiffs request judgment against Defendant for punitive damages pursuant to the FCCPA, in an amount to be determined at trial;

23

g.      Plaintiffs request judgment against Defendant enjoining Defendant from further engaging in the conduct that violates the FCCPA and the TCPA;

h.      Plaintiffs request an award of attorneys' fees and costs; and

i.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendant and demand that Defendant and its affiliates safeguard all relevant evidence —paper, electronic documents, or data— pertaining to this potential litigation as required by law.

Respectfully Submitted,

**LEAVENLAW**

*/s/ Ian R. Leavengood*
**[X] Ian R. Leavengood, Esq., FBN 0010167**
**□ Aaron M. Swift, Esq., FBN 0093088**
**□ G. Tyler Bannon, Esq., FBN 0105718**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
aswift@leavenlaw.com
tbannon@leavenlaw.com
*Attorneys for Plaintiffs*

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF FLORIDA            )
                            )
COUNTY OF POLK              )

Plaintiff DAVID MOYA, having first been duly sworn and upon oath, deposes and says as follows:

1.  I am a Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6.  Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
DAVID MOYA

Subscribed and sworn to before me
this _6_ day of _June_, 2014.

_Leonardo Almanzar_
Notary Public

My Commission Expires:

Proof of I.D.: _M000-165-77-331-0_



LEONARDO A. ALMANZAR
Notary Public, State of Florida
Commission #EE 133559
My Commission Expires Sep. 26, 2015

25

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF _New York_        )
                           )
COUNTY OF _Rockland_       )

Plaintiff JUAN BURGOS, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

Subscribed and sworn to before me this _24_ day of _May_, 2014.

My Commission Expires: _2/28/2018_

_____
JUAN BURGOS

_____
Notary Public

Proof of I.D.: _NYSD # 399287558_



KATHLEEN A. RODRIGUEZ
NOTARY PUBLIC - STATE OF NEW YORK
NO. 4753107
RESIDING IN ROCKLAND COUNTY
My Commission Expires FEB. 28, 20_18_

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF _New York_ )
COUNTY OF _Rockland_ )

Plaintiff YOLANDA BURGOS, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_Yolanda Burgos_
YOLANDA BURGOS

Subscribed and sworn to before me
this _24_ day of _May_, 2014.

_Kathleen ____
Notary Public

My Commission Expires: _2/28/2018_     Proof of I.D.: _NYS DL #702 629 834_

27

KATHLEEN A. RODRIGUEZ
NOTARY PUBLIC - STATE OF NEW YORK
NO. 4753107
RESIDING IN ROCKLAND COUNTY
My Commission Expires FEB. 28, 20__